DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiff*



FILED
AUG 22 2012
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

ROYAL & SUN ALLIANCE INSURANCE PLC,

        *Plaintiff*,

- against -

SCIENTIFIC PROTEIN LABORATORIES LLC,

        *Defendant*.

----------------------------------------x

12 CV 6407

12 Civ.

**COMPLAINT**

JUDGE PAULEY

    Plaintiff, Royal & Sun Alliance Insurance PLC (hereinafter "RSA" or "Plaintiff") by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

    1.    All and singular the following premises are true and constitute claims arising under the Court's diversity jurisdiction under 28 U.S.C. 1332.

    2.    At all times material hereto, Plaintiff RSA was and is a corporation organized and existing under and by virtue of the laws of England with its principal place of business in Manchester, England and was the insurer of the shipment which is the subject matter of this action.

    3.    Baxter Healthcare Corporation (hereinafter "Baxter") (not a party to this action), is the assured of RSA and the consignee of the shipment at issue.

    4.    Defendant Scientific Protein Laboratories LLC (hereinafter "SPL" or "Defendant") is a limited liability company organized and existing under the laws of the State of

Delaware with its principal place of business in Waunakee, Wisconsin, and whose members are all citizens of the United States. SPL does business in New York. SPL was and now is engaged in the business, *inter alia*, of the manufacture and sale of Heparin Sodium. Heparin Sodium is an active pharmaceutical ingredient utilized by Baxter in the manufacturing of a blood thinner to be used in the treatment of patients.

5. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. Venue is proper here within the meaning of 28 U.S.C. § 1391(c).

7. On or about April 25, 2011, SPL agreed to sell, and Baxter agreed to purchase, a quantity of Heparin Sodium for a total price of $2,326,918.98 (the "Shipment").

8. SPL and Baxter also agreed, *inter alia*, that SPL would deliver the Shipment to a carrier packaged in the required manner (including sealing each drum with a proper seal, placing a plastic sheet over the top of each drum, and securely wrapping the drums on pallets with shrink wrap) for delivery to Baxter's New Jersey facility.

9. The placing of the seal on each drum shipped by SPL was essential to provide assurance to the recipient that there was no tampering with the product from the time of packaging by the manufacturer until time of arrival at destination.

10. The Shipment left SPL's facility in Waunakee, Wisconsin on or about April 24, 2011, but one of the drums did not have the required seal attached at the time the Shipment departed SPL's custody, in breach of the agreement.

11. The Shipment arrived at Baxter's New Jersey facility on or about April 26, 2011. On arrival, each of the drums of the Shipment was covered with a plastic sheet and with the shrink wrap intact. However, upon removal of the shrink wrap and plastic sheet coverings, one of the drums was found to not contain the required seal, thereby rendering that product unusable

and a total loss. Witnesses from New York City played the most critical role in investigating the loss (including inspecting the drums and assessing the damages).

12. Plaintiff insured the Shipment and by reason of the loss described above, Plaintiff was obliged to pay and did pay substantial sums to its insured Baxter, and has incurred substantial other expenses as a result of the damage to the Shipment.

13. Plaintiff and its assured have performed all conditions on their parts to be performed.

14. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid, although duly demanded, in a sum estimated to be up to or exceeding U.S. $640,000.00.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

15. Plaintiff incorporates herein by reference the allegations of paragraphs 1-14 above.

16. By reason of the foregoing, Defendant breached its duties under the agreement with Baxter.

17. By reason of the foregoing, Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $640,000.00.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendant, citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action.

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
August 21, 2012

MALOOF BROWNE & EAGAN LLC

By: _____
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue -Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
*Attorneys for Plaintiff*

F:\WP-DOCS\1704.18\Pleadings\081512 Complaint.doc